IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CALVIN ELLIS                                                                                              PLAINTIFF

V.                                                                           CAUSE NO.: 1:12-CV-234-SA-DAS

TUPELO PUBLIC SCHOOL DISTRICT                                                            DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion for Recusal [37] filed pursuant to 28 U.S.C. § 455(a), and Plaintiff's Motion for Discovery [47]. Ellis contends that the Court should recuse based on her previous employment as a school board attorney and an extended familial relationship with board trustee Beth Stone. Defendant, on the other hand, argues that the disputed relationship at issue is simply too attenuated to lead a reasonable person to question the court's impartiality and that previous employment in a specific area of law does not create any presumption of bias.

*Factual and Procedural Background*

Plaintiff's counsel, on behalf of his client Calvin Ellis, initially contacted the Court December 20, 2012 in an effort to informally request that the Court refrain from presiding over the present case. See Exhibit A. Specifically, Plaintiff informed the Court that he had recently learned that while engaged as an attorney in private practice, the Court had previously represented the Itawamba County Board of Education and this fact triggered concerns for his client. Counsel's letter articulated that he was sure the Court would "appreciate [his] apprehension at having a former school board attorney make rulings crucial to his case as well as public perception in such a situation."

Plaintiff's counsel further expressed his reservations based upon the involvement of James A. Keith, who represented Tupelo Public School District during the underlying proceedings leading to Ellis's termination. Plaintiff's counsel represented that Keith had "long been counsel for the Mississippi School Boards Association," and therefore might have had occasion to be in contact with other school board attorneys, such as the Court or the hearing officer who presided over Ellis's hearing. Plaintiff's counsel further indicated that he had previously attempted to have that hearing officer recused on such grounds, but that his request was denied.

Upon receiving notification that the Court would not recuse on such grounds alone, Plaintiff thereafter filed the present motion for recusal under 28 U.S.C. 455(a). Plaintiff reiterated his concern regarding the Court's prior representation of a school board, but added the contention that he was also concerned that the Court was apparently related to Beth Stone, a potential witness in the case. Plaintiff's motion provided a detailed tree of the Court's familial relations, determining that Stone's husband and the Court shared a distant familial connection. Indeed, according to Plaintiff's research, J.H. Stone and Florence Cowden Stone gave birth to ten children. Of those children, Walter D. Stone was the undersigned's great-grandfather and Dr. J.H Stone was the grandfather of James E. Stone, Jr., who is married to Beth Stone.

The Court subsequently conducted a hearing on that motion May 16, 2013. One purpose of that hearing was to further disclose the details of the Court's relationship to Stone and to provide greater detail regarding her previous representation of the Itawamba County School District. Thus, the Court informed the parties that she had represented the Itawamba County School District from approximately 1984 to 1999, but that during that tenure she had not represented the district in any termination proceedings similar in scope or factual allegations.

Additionally, she informed the parties that although she may have had occasion to consult James A. Keith as a reference for miscellaneous matters, she had no specific recollection of those instances and has not had significant contact with him in approximately fourteen years. Additionally, the Court clarified that she had not collaborated on any matters with the Tupelo Public School District during the course of her representation.

As to her relationship with Beth Stone, the Court disclosed that even had Beth Stone been listed as a party, the Court would not have immediately appreciated the presence of a potential conflict. Although the Court would have indeed recognized that Jim Stone was a distant cousin, she would not have recalled that his wife's name was Beth. Although the Court hypothesizes that she has likely met Beth Stone in the past, she doubts her ability to recognize Beth Stone in a lineup. Clearly, it goes without saying that the two have not maintained any sort of social relationship. As to the Court's relationship with Jim Stone, the Court has indeed seen him at church on both Mother's Day and Easter when he visits with his mother, and would certainly recognize him. Neither have they, however, had any significant interaction apart from occasional contact.

*Discussion and Analysis*

Motions to recuse are committed to the discretion of the district court and are therefore reviewed for abuse of discretion. United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995). When analyzing a challenge under § 455(a), the court should consider "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." In ensuring that justice "satisf[ies] the appearance of justice," recusal may be required even when the judge is not actually partial. See id. This is so because the focus of § 455(a) is to avoid "even the appearance of partiality." Patterson v. Mobil Oil Co., 335 F.3d 476,

484 (5th Cir. 2003). Nonetheless, whether a reasonable person would harbor doubts regarding impartiality is an objective inquiry and the court therefore asks "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person. Id. (citing In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)). Applying that framework, then, "if the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal. Patterson, 335 F.3d at 485 (quoting In re Chevron, 121 F.3d 163, 165 (5th Cir. 1997)).

*Application § 455 (a) versus § 455 (b)*

At the outset, it is important to note that Ellis attempts to bring his challenge under the generic mechanism of § 455(a) rather than the specific provisions of § 455(b). Section 455(b), after all, does provide specific guidelines for recusal based on both the previous employment of a judge and her familial relations. 28 U.S.C. 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. 455(b), on the other hand, sets forth specific scenarios in which a judge shall also disqualify herself.

Among those situations enumerated are those cases "[w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C. § 455(b)(2). Or, "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). Additionally, regarding familial relations, the judge shall also recuse when "[h]e or his spouse, or a person within the third degree

4

of relationship to either of them, or the spouse of such a person…is a party to the proceeding, or an officer, director, or trustee of such a party; [or] is to the judge's knowledge likely to be a material witness in the proceeding." 28 U.S.C. §§ 455(b)(5)(i) and 455(b)(5)(iv).

It is undisputed that had Ellis brought his challenge under the specific provisions of § 455(b), recusal would be neither required nor merited. The Court has clearly established that only familial relations within the third degree trigger the mandatory recusal requirement of § 455(b)(5), and the parties are in agreement that the Court's relationship to Beth Stone lies outside of that scope.[1] See Liteky v. United States, 510 U.S. 540, 553, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Additionally, §§ 455(b)(2) and (3) cover only situations in which the judge participated in the same "matter in controversy" or "particular case in controversy." Plaintiff's claim is far too attenuated to meet such a rigorous requirement. Plaintiff does not even claim that the Court performed work for the specific Defendant at issue, but rather, that she performed work for a similar type of client and therefore probably advocated for a board regarding similar issues. For these reasons, recusal pursuant to 28 U.S.C. § 455(b) is certainly not merited. The question therefore becomes whether, although not required under the specific exclusions of § 455(b), recusal might nonetheless be warranted based merely on the potential appearance of impartiality.

*Analysis Under § 455(a)*

Whether a party can opt to challenge a judge's potential for impartiality based on a relationship or previous employment under the generic § 455(a), rather than the specific guidelines provided in § 455 (b), is a point of contention between the parties. Defendant argues that because 455(b)(5) specifically addresses familial ties and requires that they be within the

---

[1] Defendant has determined that the Court's relationship to Beth Stone is one of the Sixth Degree, and Plaintiff has not rebutted that characterization. The Court, in consulting a consanguinity chart on its own, is of the opinion that the relationship is one of the Seventh Degree. Either way, it is clear that the relationship is remote.

5

third degree of relationship, Plaintiff is foreclosed from relying on the Court's relationship with Beth Stone to support a showing of potential impartiality. In other words, Defendant argues that the specific coverage of such a relationship in subsection (b) precludes any reliance on the more general section.

In doing so, Defendant relies heavily on Liteky v. United States. 510 U.S. at 540, 114 S. Ct. 1147. In Liteky, the specific question before the Court was whether § 455(a)'s instruction that a judge should "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" was subject to the limitation of the "extrajudicial source" doctrine. Id. In overly simplistic terms, that doctrine requires that an alleged source of bias come from outside the proceedings before the court (such as a familial relationship), rather than hostilities arising during the course of the proceedings (such as an admonishment during trial). See id. at 545, 114 S. Ct. 1147. In determining whether that limitation applied to 455(a), the Court looked to 455(b), which contained the extrajudicial source limitation. Id. at 553, 114 S. Ct. 1147. The Court therefore concluded that the "limitation (since nothing in the text contradicts it) should govern for purposes of § 455(a) as well." Id.

In dicta, the Court explained the situation thusly:

> As we have described, § 455(a) expands the protection of § 455(b), but duplicates some of its protection as well—not only with regard to bias and prejudice but also with regard to interest and relationship. Within the area of overlap, it is unreasonable to interpret § 455(a) (unless the language *requires* it) as implicitly eliminating a limitation explicitly set forth in § 455(b). It would obviously be wrong, for example, to hold that "impartiality could reasonably be questioned" simply because one of the parties is in the fourth degree of relationship to the judge. Section 455(b)(5), which addresses the matter of relationship specifically, ends the disability at the *third* degree of relationship, and that should obviously govern for purposes of § 455(a) as well.

Id.

A number of lower courts seem to have indeed transplanted the third-degree requirement of § 455(b) into § 455(a) challenges. As one district court concluded, "the fact that a distant relative may appear on a video which the Plaintiff may attempt to enter into evidence will have no bearing on this Court's impartiality or *perceived* impartiality throughout this trial" because, the court determined, the witness was outside the third degree of relationship. Nijie v. Lubbock County, Texas, 999 F. Supp. 858, 862 (N.D. Tex. 1998). Accordingly, the court found that "no reasonable person [could] question [the court's] impartiality." Id.; see also United States v. Champlin, 388 F. Supp. 2d 1177, 1183 (D. Hawaii 2005) (noting that third degree requirement governs for § 455(a)); Auscape Int'l v. Nat'l Geo. Soc., 306 F. Supp. 2d 360, 363 (S.D.N.Y. 2004) ("to the extent that Sections 455(a) and (b) overlap, Section 455(a) will not be read to expand Section 455(b) to the extent that Section 455(b) specifically addresses an issue").

In a case handed down prior to Liteky, however, the Fifth Circuit appeared to take a different approach. In In re Faulkner, plaintiffs challenged the district judge's ability to try the case based on his relationship to one of the defendants. 856 F.2d 716, 720 (5th Cir. 1988). Specifically, plaintiffs filed a civil RICO lawsuit against a number of parties involved in a commercial real estate transaction, including the first cousin of the district judge who was outside of the third degree of relationship. Id. at 717. The two described their relationship, however, as like that of "brother and sister," and the defendant was additionally godmother to one of the judge's children. Id. at 718. The Fifth Circuit therefore determined that the relationship created an appearance of impropriety under § 455(a), despite the fact that it was not within the third degree. Id. at 721. The court concluded that "a relative with a close relationship to the judge [was] an important participant in key transactions forming the basis of an indictment," and a reasonable person could therefore question the judge's impartiality. Id.

Thus, as described by one commentator, "when § 455(b) identifies a particular situation requiring disqualification, it will tend to control any § 455(a) analysis with respect to that specific situation." Charles Gardner Geyh, Judicial Disqualification: An Analysis of Federal Law 12 (Kris Markarian ed., 2d ed. 2010). Therefore, "a fourth-degree relationship to a party does not by itself create an appearance of partiality requiring disqualification—although disqualification under § 455(a) might still be appropriate" if the relative is close to the judge on a personal basis. Id.

Additionally, in Republic of Panama v. American Tobacco Company Incorporated, the Fifth Circuit considered a district judge's ability to hear a case based on previous work experience under § 455(a), rather than the more specific measures of § 455(b)(3). 217 F.3d 343, 346 (5th Cir. 2000). There, the plaintiff had filed an action against defendant tobacco companies, alleging that they had conspired to conceal the health risks of the product. Id. at 345. Defendant thereafter moved the district judge to recuse himself based on circumstances related to his previous employment. Id.

Specifically, the district judge had previously served as president of the Louisiana Trial Lawyers' Association before his appointment to the bench. Id. During his tenure in that position, the LTLA filed an amicus brief alleging that smoking was addictive and caused cancer, and that tobacco companies had known of such danger for decades. Id. Although the district judge's name was listed on the brief as president of the LTLA, he contended that he had not participated in its writing. Id. Nonetheless, the Fifth Circuit determined that the fact that the judge's name was listed "on a motion to file an amicus brief which asserted similar allegations against tobacco companies" might lead a reasonable person to doubt his impartiality. Id. at 347. Additionally, the judge had been listed on the amicus brief alongside an attorney who was

presently representing the plaintiff in the instant action. Id. The court found that the case was a close call, but ultimately concluded that recusal was proper under § 455(a). Id.

Therefore, the Fifth Circuit has before concluded recusal was proper under § 455(a), even though it would not have been merited under the more specific provisions of § 455(b) governing both familial relations and previous work experience. Nonetheless, even when asking whether either of the situations creates circumstances allowing the Court's impartiality to reasonably be questioned, neither merits recusal in the case at hand. See Patterson, 335 F.3d at 484 (citing In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)) (noting that the court should ask "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person"); see also United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) (articulating that the facts are not to be considered through the prism of a "person unduly suspicious or concerned about a trivial risk that a judge may be biased.").

Unlike the factual scenario in Jordan, the Court's relationship with the potential witness here is attenuated both personally and in terms of degree. As articulated more thoroughly at the hearing conducted in this matter, the Court doubts her ability to even recognize the potential witness at issue and has not had significant social interaction with Beth Stone. Certainly, the alleged relationship between the Court and Beth Stone comes nowhere close to the relationship in Jordan, where the cousins described themselves as more like siblings and the party was the godmother to one of the judge's children. See also United States v. Lovaglia, 954 F.2d 811, 817 (2d Cir. 1992) (upholding a refusal to disqualify where the judge had a social relationship with a stakeholder of a plaintiff company, but the relationship had ended almost a decade prior). Moreover, in terms of work experience, Plaintiff has produced no evidence that the Court litigated any similar cases for the Itawamba County School Board, and the Court is unable to

recall any particularly similar proceedings. Further, the Court last performed work for a school board in 1999, approximately fourteen years prior to hearing the present matter. Plaintiff's showing here pales in comparison to that presented in Republic of Panama, where the judge's name had appeared on a markedly similar amicus brief alongside the attorney representing the subsequent plaintiff.

Plaintiff's alternative argument is that although neither the Court's previous employment nor her relationship to Beth Stone, standing alone, would justify recusal, such circumstances do create an appearance of impartiality when considered in the aggregate. Ellis, however, has cited to no case law aggregating such weak connections and determining that together they justify recusal. See Auscape, 306 F. Supp. 2d at 363 ("the combination of bases relied upon by plaintiffs is no stronger in the aggregate than each considered individually."). Thus, this theory is also without merit and the Court declines to recuse on such grounds.

Finally, the Court determines that Plaintiff's motion for leave to conduct discovery regarding the potential materiality of several witness's testimony should also be denied. Plaintiff argues that he should be allowed to conduct a number of depositions to determine just how material Stone's testimony might be.[2] The Court, however, determines that based on the attenuation of the relationship, recusal would be improper regardless of the potential materiality of Beth Stone's testimony, and that request is therefore denied. Additionally, although the materiality of a witness might factor in to gauging the potential for impartiality to be questioned, it is not an explicit consideration of 28 U.S.C. 455(a), and Plaintiff has made abundantly clear that it is through that avenue that he brings his challenge.

---

[2] To the extent that Plaintiff has attempted to use his motion for leave as an opportunity to marshal the Court's potential relationship with Valerie Whitwell into his 28 U.S.C. § 455(a) challenge, that contention deserves little consideration. As mentioned at the hearing on Plaintiff's motion, it is possible that the Court has purchased clothing from Whitwell's retail business in the past. This in no way provides justification for recusal.

*Conclusion*

Having fully considered both Plaintiff's argument and the applicable law, the Court finds that a reasonable person, being fully advised of the facts, would not harbor doubts regarding the Court's impartiality based on the fact that the judge long ago represented a similar client and a potential witness was a very distant relative with no social relationship to the judge. The Court therefore denies both Plaintiff's Motion for Recusal under § 455(a) [37] and his Motion for Discovery [47].

SO ORDERED, this the 27th day of June, 2013.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**