IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

CALVIN ELLIS                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO: 1:12-CV-234-SA-DAS

TPSD PUBLIC SCHOOL DISTRICT                                                                DEFENDANT

ORDER DENYING MOTION FOR SANCTIONS

*(A) Background*

Calvin Ellis sued Tupelo Public School District ("TPSD") in this Court, bringing a variety of claims stemming from his termination in October 2011. Earlier this year, the Court granted summary judgment for TPSD [50], while leaving the case open to resolve the Defendant's Motion for Sanctions [9]. For the reasons cited below, that motion is DENIED.

*(B) Motion for Sanctions*

TPSD moves for sanctions under Rule 11 based on three separate paragraphs in the Amended Complaint [6], all relating to Ellis' termination hearing.[1] TPSD claims the contentions have no factual or legal basis as required by Federal Rule of Civil Procedure 11(b). In the paragraphs at issue, Ellis alleges the Defendant presented false testimony and levied fictitious charges, all in an attempt to provide pretext for its decision to fire him.

When filing a complaint, Rule 11 imposes three obligations: "(1) counsel must make a reasonable inquiry into the factual basis . . . ; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading . . . intended to delay proceedings, harass another party, or increase the cost of litigation." Henderson v. Dep't of Pub. Safety & Corr., 901 F.2d 1288, 1295 (5th Cir. 1990) (quoting St. Amant v. Bernard, 859 F.2d 379, 382 (5th Cir. 1988)).

---

[1] TPSD moves for sanctions, not only against Ellis' attorney, but also against Ellis himself. The latter are unavailable under Rule 11. Though a *pro se* litigant is subject to the rule, a represented party is not. FED. R. CIV. P. 11(b).

Violating even one is grounds for sanctions. Thomas v. Capital Sec. Servs., Inc., 812 F.2d 984, 988 (5th Cir. 1987). Although TPSD attacks the complaint on each of the three obligations, it fails to describe exactly how Ellis' contentions are legally frivolous. The Court will therefore only consider whether the pleading was factually frivolous, and whether it was intended to delay, harass, or increase expense.

With respect to the first obligation, the complaint avoids Rule 11 sanctions because substantial evidence was identified to support the allegations that TPSD's witnesses testified falsely. At the hearing, Ellis called witnesses and presented physical evidence that directly contradicted testimony TPSD offered. Even TPSD admits that there was "a disputed record." Further, contrary to its assertions, Ellis makes no accusation that TPSD *intentionally* offered false testimony; just that it was in fact false. To be fair, in one complaint paragraph, Ellis does complain of TPSD's reason for its evidence, i.e., to pretextually justify its decision to fire him. But, based on the evidence, one could reasonably infer this to be true. Although the hearing testimony TPSD offered may have been reliable, Ellis has appropriately supported his position that it was not.

Not only is Ellis' complaint adequately supported, but the phrasing is not intended to harass, as TPSD claims. For analogy, TPSD cites several cases. See, e.g., Pigford v. Veneman, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (imposing sanctions for groundless accusations that government attorneys were racist); Coats v. Pierre, 890 F.2d 728 (5th Cir. 1990) (upholding sanctions for sexually abusive comments about opposing counsel). Those cases involved collateral assaults on attorneys' character, but Ellis' complaint is a direct attack on the veracity of evidence offered in

the administrative hearing. Unlike the plaintiffs in those cases, Ellis' purpose was legitimate. Accordingly, the Defendant's Motion for Sanctions [9] is DENIED.[2]

SO ORDERED, this the 15th day of September, 2014.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

---

[2] In response to TPSD's motion, Ellis' attorneys counter by asking for sanctions of their own. This attempt does not, however, comply with Rule 11's procedural requirements and is therefore not properly before the Court. FED. R. CIV. P. 11(b)(2) (requiring a separate motion describing the specific conduct, and requiring counsel to comply with the twenty-one day "safeharbour" provision).